# CHARLESTON.

## McConnell v. Cox.

Submitted June 22, 1901.   Decided December 14, 1901.

1. BUILDING ASSOCIATION—*Premium—Lump Sum.*
     While a building association may fix a minimum premium payable in advance or in periodical installments, such premium must be a lump sum, certain and definite, and not a percentage payable indefinitely at fixed periods.   (p. 470).

2. PERCENTAGE—*Interest—Usury.*
     A percentage payable indefinitely at fixed periods is interest, and although it be called "premium," and is in addition to the legal rate of interest already charged, it is usurious, and should

be expunged from the account. *Gray* v. *Baltimore Building and Loan Association,* 48 W. Va. 164, (37 S. E. 53). (p. 471).

Appeal from Circuit Court, Marshall County.

Bill by R. S. McConnell and another against H. H. Cox and others. Decree for complainants, and defendant Cox appeals.

*Reversed.*

J. Howard Holt, for appellant.

Chas. C. Newman, for appellees.

McWhorter, Judge:

On the 2d day of January, 1893, H. H. Cox and Mary W. Cox borrowed, from the Baltimore Building and Loan Association of Baltimore City, on thirty shares of stock in said association of the par value of one hundred dollars, the sum of three thousand dollars for which the said H. H. Cox executed his bond bearing said date binding himself to pay the monthly interest on said sum of three thousand dollars at the rate of six *per centum* per annum and the monthly dues on said shares of stock and the monthly premiums on said shares of stock, said interest being fifty cents per month on each share and the premium being the like sum of fifty cents per month on each share, and the dues on said stock sixty cents per month, and further providing for the payment of all fines assessed for failure to pay premiums, interest and dues and all taxes and insurance agreed to be kept up on the property given in trust to secure said sum, such payment to be made and continued "until the said stock shall become fully paid in and of the par value of one hundred dollars per share, and shall then surrender the said stock to the said association." At the same time the said Cox and wife executed a deed of trust on certain lots and buildings in the city of Moundsville to secure said loan.

Said H. H. Cox became indebted to other parties who obtained judgments against him for their debts in various amounts and at the February rules, 1897, R. S. McConnell and brother, one of said judgment creditors, filed their bill in equity against the said Cox and making other lien creditors including the said Baltimore Building and Loan Association and its trustee, C. C. Newman, and also Mary C. Oldham and C. R. Oldham, trustee, trust creditors parties to said suit in the nature of a creditor's

bill. The defendants H. H. Cox and Mary Cox filed their respective answers. The answer of said H. H. Cox and Mary Cox admitting the judgments claimed against them and the making of the bond and deed of trust to the said loan association but denying the right of the said association to collect the premiums, insisting that it was usurious.

The cause was referred to a commissioner and report made charging the defendant Cox with the full premiums charged by the said association. Cox excepted to the report of the commissioner because of the allowance of said premiums as proper charge in favor of the Building and Loan Association. The defendant's exception was overruled, and on the 18th day of November, 1899, the court rendered a decree ascertaining the judgment liens and also the lien of the building and loan association and their priorities, and decreed a sale of defendant's property to pay said liens. The defendant Cox appealed to this Court from said decree, claiming that the court erred in refusing to give him the proper credits for what he had paid and allowing the premiums as proper charge against him.

Since the rendition of said decree of November, 1899, in the case of *White* v. *Williams,* assignee of the Baltimore Building and Loan Association, of Baltimore, 90 Md. 719, on the 20th of March, 1900, the court held, "That the premiums authorized to be charged by building associations is a sum of money to be paid for the loan in advance and that the stipulation providing for the payment of the monthly sum called premium in addition to the legal rate of interest during the continuance of the mortgage is not authorized by the statute but is usurious." And on the 21st of April, 1900, a decision was rendered in this Court, *Gray* v. *Baltimore Building and Loan Association,* 48 W. Va. 164, (37 S. E. 533), in which the syllabus is as follows: "1. While a building association may fix a minimum premium payable in advance or in periodical installments, such premium must be a lump sum, certain and definite, and not a percentage payable indefinitely at fixed periods. 2. A percentage payable indefinitely at fixed periods is interest, and although it be called 'premium,' and is in addition to the legal rate of interest already charged, it is usurious, and should be expunged from the account."

This decision decides fully and distinctly the question raised in the case at bar and for the reasons therein set forth the decree

in this cause will have to be reversed and the cause remanded with instructions to the circuit court to ascertain the true amount of the claim of the defendant, Baltimore Building and Loan Association, on the principles laid down in said case of Gray against said defendant.

*Reversed.*